Filed 6/28/21  P. v. Kelley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW LAWRENCE KELLEY,<br><br>Defendant and Appellant. | C091376<br><br>(Super. Ct. Nos. 19CF07295,<br>19CF04540) |

After defendant Andrew Lawrence Kelley pleaded no contest to two counts of possessing a controlled substance in jail, the trial court sentenced him to five years in prison and imposed mandatory minimum statutory costs.  On appeal, defendant argues the trial court violated due process and Eighth Amendment principles when it imposed costs without first assessing defendant's ability to pay.  Disagreeing, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of defendant's crimes of conviction are largely irrelevant to the issues raised on appeal.  Simply put, in case No. 19CF04540 (case No. 40), defendant

1

pleaded no contest in August 2019 to one count of possessing a controlled substance in jail.  (Pen. Code, § 4573.6.)[1]  In case No. 19CF07295 (case No. 95), defendant pleaded no contest in December 2019 to a new violation of section 4573.6.

At a January 2020 sentencing hearing, defense counsel said:  "As far as fines and fees goes . . . I see no ability to pay anything there.  I'd ask the [c]ourt to strike everything."

The trial court imposed a sentence of five years in state prison, consisting of:  four years (the upper term) in case No. 95, and a consecutive term of one year (one-third the middle term) in case No. 40.  Regarding costs, the trial court ordered a $300 restitution fine for each case (§ 1202.4), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373) for each conviction.

Defendant timely appealed.

## DISCUSSION

### I

The People argue we should dismiss this appeal for lack of jurisdiction pursuant to section 1237.2, because the sole issue is a claimed error regarding costs, and defendant did not "exhaust available remedies in the trial court," having failed to move "for correction in the trial court," regarding the costs.

Section 1237.2 provides:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs *unless the defendant first presents the claim in the trial court at the time of sentencing*, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a

---

[1]      Further undesignated statutory references are to the Penal Code.

2

notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the *sole issue on appeal*."  (Italics added.)

We have jurisdiction in this appeal, because defendant raised an "inability to pay" claim at sentencing, and section 1237.2 requires a motion for correction of costs in the trial court only where a defendant did not *first* present the claim at sentencing.

II

Defendant argues the trial court violated due process and Eighth Amendment principles when it "failed to conduct an ability-to-pay hearing after [defendant] objected to the imposition of fines and fees based on his inability to pay."

The People argue these claims are forfeited, because defendant "did not request a hearing, let alone submit any evidence of [his] inability to pay," and the claims fail on the merits in any event.

We need not decide whether defendant forfeited his ability to pay arguments, because they are without merit.

Defendant's due process claim hinges on the analysis in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded this analysis is correct.  Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4.  (*Kopp,* at pp. 95-96.)

3

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding.  (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Defendant's claim pursuant to *Dueñas* is without merit.

Similarly, defendant's Eighth Amendment excessive fines clause claim is without merit.

"The Eighth Amendment prohibits the imposition of excessive fines.  The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' [Citation.]" (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).)  The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*).  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728-729 [applying Eighth Amendment analysis to both the defendant's federal and state excessive fines claims].)

" 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.  [Citations.] . . . [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' " (*Bajakajian, supra*, 524 U.S. at p. 334.)

"The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment:  '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.  [Citations.]' (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see

[*People v.*] *Gutierrez, supra*, 35 Cal.App.5th at p. 1040 (conc. opn. of Benke, J.).) While ability to pay may be part of the proportionality analysis, it is not the only factor. (*Bajakajian, supra*, 524 U.S. at pp. 337-338.)" (*People v. Aviles, supra*, 39 Cal.App.5th at p. 1070.) We review the excessiveness of a fine challenged under the Eighth Amendment de novo. (*Aviles,* at p. 1072.)

Here, we find that the combined amount of $600 in restitution fines imposed for two separate instances of possessing a controlled substance in jail is not grossly disproportional to the level of harm and defendant's culpability in this matter. There was societal harm and danger caused by defendant's conduct. (Cf. *People v. Low* (2010) 49 Cal.4th 372, 388 ["Section 4573 and similar laws flow from the assumption that drugs . . . promote disruptive and violent acts in custody, including gang involvement in the drug trade"].) Accordingly, the statutory minimum restitution fines imposed were not excessive under the Eighth Amendment.

DISPOSITION

The judgment is affirmed.

/s/

BLEASE, Acting P. J.

We concur:

/s/

HULL, J.

/s/

MURRAY, J.

5